By the Court, Cowen, J.
The Spencers parted with their interest by assignment for the benefit of their creditors, before the judgments belonging to Barber were in such a position that he could legally or equitably claim a right to sét them off against the judgment of the Spencers. If their assignment is to be deemed valid, then the case is within Graves v. Woodbury, (4 Hill, 559,) which, under such circumstances, prefers the rights of the assignee. It is said the assignment from the Spencers is not bona fide, but is, in effect, for their own benefit. The same thing might have been said, in the same sense, of the assignment by Woodbury in the case cited. He assigned the judgment to indemnify against liabilities antecedently incurred by the assignee. It is enough that there be a valuable and adequate consideration for such an assignment; and it has been long settled that a precedent debt is a valuable consideration. Atkin v. Barwick, 1 Str. 165; and see 13 Wendell, 654.) Here the assignment was to pay, as far as the judgment would go, the debts of the Spencers, which, it is not denied, amounted to more than the judgment and any other means assigned by them for the like purpose, The assignee is, therefore, entitled to proceed "with his present execution, unless that be irregular.
As to regularity, the 2 R. S. 209, § 20, 2d ed. provides that no supreme court commissioner shall be authorized to grant any order to stay proceedings in any cause in which a verdict shall have been rendered. It is said, the statute means an order staying the judgment; indeed, that is confined to an order on the merits, and does not extend to a stay on collateral grounds, such *570 as for irregularity or for a motion to set off. The statute is unqualified in its language; and nothing has been shown either in context or history as a ground for the restriction. It is said that of collateral matters a commissioner knows as much as a judge. But the same thing may be said of various other instances in which he is forbidden to interfere. I think the commissioner wanted jurisdiction. Of course the plaintiffs’ attorney might disregard the order, and treat it as a nullity;
Something was said on this motion, and much has been said in the course of this term, about the sacred character of orders to stay; and it has been insisted, on the authority of what I said in Gould v. Root, (4 Hill, 554,) that all orders must be set aside or revoked before they can be disregarded. That was the case of an irregular or erroneous order, or, if you please, an order fraudulently obtained; but the commissioner had jurisdiction. The general expression that an order- is not to be disregarded merely because a commissioner is forbidden to grant it, must be taken in reference to its being an improper one on the merits. As I there remarked, every order improvidently granted is forbidden ; but it is not void for that reason. Where there is no jurisdiction, there is no commissioner, no order. I am of opinion that the statute takes away jurisdiction from a commissioner, where there is a verdict. The statute is in terms that he shall not be authorized to interfere. The acts not only of commissioners, but of all magistrates and all courts having no jurisdiction, are void. Both motions must be denied with costs.
Ordered accordingly.